IN THE UNITED STATES DISTRICT COURT OF NORTH DAKOTA
NORTHWESTERN DIVISION

| | | |
|---|---|---|
| TONY CROCKER AND<br>WENDY CROCKER,<br>    *Plaintiffs,*<br><br>v.<br><br>MLB CONSULTING, L.L.C.,<br>NUVERRA ENVIRONMENTAL<br>SOLUTIONS, INC. AND<br>FIDELITY EXPLORATION &<br>PRODUCTION COMPANY,<br>    *Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. _____ |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Tony Crocker and Wendy Crocker, Plaintiffs in the above entitled and numbered cause, complaining of MLB Consulting, L.L.C., Nuverra Environmental Solutions, Inc. and Fidelity Exploration & Production Company complain of Defendants as follows:

### A.    PARTIES

1. Plaintiff, Tony Crocker, is an individual residing in the State of Idaho.

2. Plaintiff, Wendy Crocker, is an individual residing in the State of Idaho.

3. Defendant, MLB Consulting, L.L.C. (herein after referred to as "MLB"), operates its principal place of buisness in the State of Oklahoma. Defendant MLB can be served through its registered agent, CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

4. Defendant, Nuverra Environmental Solutions, Inc. (herein after referred to as "Nuverra"), operates its principal place of business in the State of Arizona at 14624 N. Scottsdale Road, Suite 300, Scottsdale, Arizona 85254. Defendant Nuverra is

formerly known as and doing business as "Power Fuels." Defendant Nuverra can be served through its registered agent, CT Corporation System at 2390 E. Camelback Road, Phoenix, Arizona 85016.

5. Defendant, Fidelity Exploration & Production Company (herein after referred to as "Fidelity"), operates and has its principal place of business in Denver, Colorado. Defendant Fidelity can be served through its registered agent, CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

### B. VENUE AND JURISDICTION

6. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because a sustantial part of the events or omissions giving riseBi to this claim occurred in this district. The incident in question occurred in Stanley, North Dakota.

7. The Court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1) because Plaintiffs and Defendants are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs.

### C. FACTUAL BACKGROUND

8. On or about April 5, 2014, Mr. Crocker reported for work at approximately 6:00 am as a pump-hand employed by J&R Well Services, LLC (hereinafter "J&R"). Plaintiff Tony Crocker was working at a production well site in Stanley, North Dakota that had been shut-down for a "clean out." J&R had only been working at the location for a few days and was ready to begin pumping out the well, which was owned by Defendant Fidelity. A consultant/company man from Defendant MLB was on site at the time of the incident. MLB had been there throughout the cleanout phase and prior to Plaintiff Crocker and J&R arriving at the location. MLB had a trailer on–site and provided supervisory services at the well site.

9. Plaintiff Tony Crocker was operating the pump that forces water down the well for cleanout. The return water enters into a series of 4 tanks. The first tank (hereinafter the "open tank") is open so that the return substance can be viewed. The other tanks divide out the oil, water and sand from the well. Gas forced from the well escapes into the air when it is released into the open tank. The open tank was up-wind from a diesel pump motor housed in a shed at the site of the well. The distance between the two was less than twenty feet. Ignition sources and open air tanks are supposed to be located at least 100 feet away from each other according to OSHA standards. The "open tank" is owned by Defendant Nuverra and was negligently placed at the well site by Defendant Nuverra.

10. The wind began to blow the gas from the open tank toward the diesel motors and toward Plaintiff Tony Crocker. At that point in time, Plaintiff heard an explosion and was covered in flames. Plaintiff Tony Crocker was thrown to the ground on his stomach. Then, a second explosion occurred that caused Plaintiff Tony Crocker to catch on fire. He was able to run to a local mud puddle and extinguish the flames. Plaintiff was fully dressed in fire resistant clothing.

11. Plaintiff Tony Crocker was driven to Stanley Hospital in North Dakota and then flown to St. Paul, Minnesota to be transported to Regions Burn Unit in St. Paul. Plaintiff was intubated and was sedated for four days. Plaintiff Tony Crocker suffered second and third degree burns to his body as a result of the explosion and subsequent fire. He also suffered a shoulder injury when a large piece of steel struck him during the explosion. As a result of the trauma he endured, Plaintiff Tony Crocker has suffered tremendous pain as well as extensive mental anguish and distress.

12. Plaintiff Wendy Crocker is the wife of Tony Crocker. Wendy Crocker has

experienced a loss of consortium and the loss of household services as a result of the physical injuries Tony Crocker endured. Plaintiff Wendy Crocker has also missed work to care for her husband and help with his recovery.

13.   This claim arises from the negligence and gross negligence of the Defendants, as plead herein. The Defendants operated jointly and in concert when they contracted with each other to provide for the products and services required to drill, clean, and complete the well. Accordingly, the Defendants are individually, jointly, and severally liable for their acts and omissions, which directly and proximately caused the explosion, resulting in the injuries suffered by Plaintiffs.

### D.   CAUSES OF ACTION AGAINST DEFENDANTS: NEGLIGENCE, NEGLIGENCE PER SE AND GROSS NEGLIGENCE

14.   Plaintiffs repeat and incorporate by reference all other paragraphs of this complaint as if fully set forth herein.

15.   The explosion resulted from the negligence and gross negligence of each of the Defendants, jointly and severally. The Defendants owed a duty to Plaintiff Tony Crocker to: (1) ensure that Defendants' products and services were safe for their intended use; (2) provide Plaintiff with a safe environment in which to work; (3) ensure that the down-hole conditions were controlled or were safe and controlled so that any escaping gas was far enough away from an ignitioin source to prevent explosion; and (4) ensure that no explosion or fire occurred at the well site.

16.   The well owner, Defendant Fidelity, the well site consultant/company man, Defendant MLB, and the open tank owner, Defendant Nuverra all created hazardous conditions by adopting and encouraging unsafe drilling practices, rushing operations, and by generally failing to operate as safe and prudent owners, consultants, and

operators would under the same or similar circumstances. Namely, Defendants MLB, Nuverra and Fidelity failed to ensure the gas released from the well and tank were at least 100 feet away from an ignition source.

17. The Defendants further failed to control down-hole gas; failed to inspect the rig and rig equipment to ensure safety standards were met, including but not limited to failing to ensure that gas released from the well and tank were far enough away from an ignition source to prevent an explosion.

18. Defendants MLB, Nuverra and Fidelity breached the duties owed to Plaintiff Tony Crocker by failing to provide Plaintiff with a safe working environment. Specifically, Fidelity and MLB failed to control the natural gas escaping from the tank and well and failed to ensure the gas released during the drilling/cleanout process was far enough away from an ignition source to prevent an explosion hazard.

19. Defendants MLB, Nuverra, and Fidelity were responsible for properly testing the air quaility on a daily and continuous basis and failed to properly do so. Furthermore, Defendants MLB, Nuverra, and Fidelity failed to inform Plaintiff Tony Crocker that gas was building up in the work spaces at the time of the incident. Defendants MLB, Nuverra, and Fidelity's failure to properly test the air quaility in the work spaces was a proximate cause of the incident and injuries and constituted negligence and gross negligence.

20. Further, Defendants MLB, Nuverra, and Fidelity failed to control the natural gas coming out of the well and failed to ensure the gas released during the drilling/cleanout process was far enough away from an ignition source to prevent an explosion hazard. Such acts and omissions by Defendants MLB and Fidelity constitute negligence and were a proximate cause of Plaintiffs' injuries and damages.

21. Plaintiffs would further show that Defendants MLB, Nuverra, and Fidelity were negligent per se in violating Recommended Practice 54, Recommended Practice for Occupational Safety for Oil and Gas Well Drilling and Servicing Operations, Paragraph 12.1.8, in that discharges of oil or gas to the atmosphere should be in a safe area, preferably on the downwind side of a well and a minimum of 100 feet from the wellhead, open flame, or other sources of ignition. In the incident in question, Defendants released gas into the atmosphere during drillling operations that were within 100 feet of an ignition source. Plaintiff Tony Crocker would further show that he was in the class of persons to be protected by this drilling practice and Defendants failure to abide by said drilling practice constituted negligence and negligence per se and was a proximate cause of Plaintiffs' injuries and damages.

22. Defendants MLB, Nuverra, and Fidelity were all negligent and grossly negligent in failing to adequately prepare a well plan; failing to control the presence of a dangerous condition, and failing to ensure that gas released during the drilling process was far enough away from an ignition source to prevent an explosion. Such acts and omissions by Defendants constituted negligence and were a proximate cause of Plaintiffs' injuries and damages. The lack of adequate and necessary safety and gas emission detection and explosion prevention measures was known to the aforementioned Defendants, and the drilling of a well under these conditions constitutes gross negligence and conscious indifference to the safety of Plaintiff Tony Crocker and others similiarly situated.

### E. DAMAGES

23. Plaintiffs repeat and incorporate by reference all other paragraphs of this complaint as if fully set forth herein.

24.     As a direct and proximate result of Defendants intentional, negligent, and grossly negligent acts and/or omissions described above, Plaintiff Tony Crocker suffered substantial injuries and damages for which he seeks recovery in an amount that the jury determines to be fair and reasonable, including the following damages:

a.  <u>Past & Future Medical Expenses</u>: Plaintiff Tony Crocker incurred bodily injuries, which were caused by the incident in question and will, in reasonable probability, continue to incur reasonable and necessary medical expenses in the future.

b.  <u>Past & Future Physical Pain</u>:  Plaintiff Tony Crocker suffered physical pain in the past and, in reasonable probability, will continue to sustain physical pain in the future.

c.  <u>Past & Future Mental Anguish</u>: Plaintiff Tony Crocker has endured mental anguish in the past and will, in reasonable probability, endure mental anguish in the future.

d.  <u>Past & Future Loss of Earning/Earning Capacity</u>:  Plaintiff Tony Crocker has suffered a loss of earning and/or sustained a loss of earning capacity in the past and will, in reasonable probability, sustain the same in the future.

e.  <u>Past & Future Physical Impairment</u>: Plaintiff Tony Crocker has sustained physical impairment in the past and will continue, in reasonable probability, to sustain physical impairment in the future.

f.  <u>Past & Future Disfigurement</u>: Plaintiff Tony Crocker has sustained disfigurement in the past and will, in reasonable probability, continue to sustain disfigurement in the future.

25. As a direct and proximate result of Defendants intentional, negligent, and grossly negligent acts and/or omissions described above, Plaintiff Wendy Crocker suffered substantial injuries and damages for which she seeks recovery in an amount that the jury determines to be fair and reasonable, including the following damages:

   a. <u>Past & Future Loss of Consortium:</u> Plaintiff Wendy Crocker has been deprived of the benefits of her relationship to Tony Crocker in the past and will, in reasonable probability, endure loss of consortium in the future.

   b. <u>Past & Future Loss of Household Services:</u> Plaintiff Wendy Crocker has been deprived of the household services Tony Crocker provided in the past and will, in reasonable probability, endure the loss of household services in the future.

26. Plaintiffs are entitled to any other damages and/or relief appropriate by law or equity under the facts and circumstances of this case, as deemed proper by this Honorable Court.

## F.    JURY DEMAND

27. Plaintiffs request a jury trial on this matter.

## G.    PRAYER

WHEREFORE, FACTS CONSIDERED, Plaintiffs pray that the citation be issued, that upon trial or hearing of this cause that judgment be rendered against Defendants; that the judgment bear interest as allowed by law; for pre-judgment and post-judgment interest; that costs of Court be taxed against the defense; and for such other and further relief, at law and in equity, to which the Court or Jury believes Plaintiffs are deserving and for which they will ever pray.

        Brent S. Schafer, Esq.,
        **SCHAFER LAW FIRM**
        991 Sibley Memorial Highway, Suite 207
        Lilydale, Minnesota 55118
        651-209-1919 Office
        651-454-8821Fax

By:    */s/ Brent S. Schafer*
        Brent S. Schafer
        ND Bar ID#07213
        e-mail: bschafer@schaferlawfirm.com

        and

        Robert C. Hilliard, Esq.,
        (*pro hac vice* to be filed)
        Texas Bar No. 09677700
        Federal ID No. 5912
        e-mail: bobh@hmglawfirm.com
        T. Christopher Pinedo, Esq.,
        (*pro hac vice* to be filed)
        Texas Bar No. 00788935
        Federal ID No. 17993
        e-mail: cpinedo@hmglawfirm.com
        **HILLIARD MUÑOZ GONZALES LLP**
        719 S. Shoreline Boulevard, Suite 500
        Corpus Christi, Texas 78401
        361-882-1612 Office
        361-882-3015 Fax
        **ATTORNEYS FOR PLAINTIFFS**